Order Filed on September 2, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Gillman, Bruton & Capone, LLC
770 Amboy Avenue
Edison, NJ 08837
(732) 661-1664
Attorney for Debtor
By: Justin M. Gillman, Esq.

In Re:
    Scott Stearns
    Naoko Stearns

               Debtors

Case No.: 20-14541

Judge: Hon. Michael B. Kaplan

Chapter: 13

Hearing Date: 9/1/2020

## ORDER AUTHORIZING OF PROPERTY AT 1010 BRECKENRIDGE DRIVE, BRANCHBURG, NEW JERSEY 08876 PURSUANT TO 11 U.S.C. §363; AND WAIVING 14 DAY STAY OF ORDER

The relief set forth on the following pages, numbers two (2) through eight (8) is hereby ORDERED.

**DATED: September 2, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

In re: Scott Stearns and Naoko Stearns
Case No. 20-14541-MBK

ORDER AUTHORIZING SALE FREE AND CLEAR OF LIENS OF PROPERTY AT 1010 BRECKENRIDGE DRIVE, BRANCHBURG, NEW JERSEY 08876 PURSUANT TO 11 U.S.C. §363(b); AND WAIVING 14 DAY STAY OF ORDER

THIS MATTER having been brought before the Court by way of the Debtor's Motion for an Order Authorizing the Debtor to sell the Property at 1010 Breckenridge Drive, Branchburg, NJ 08876, Tax Lot 10.10, Tax Block 46.04, Unit No. D-2 in Building No. 10 situated in Society Hill at Branchburg Condominium, a Condominium, in the Township of Branchburg, County of Somerset, New Jersey (hereinafter "Property") pursuant to 11 U.S.C. §363(b) for the sum of $235,000.00; Justin M. Gillman, Esq., Gillman Bruton & Capone, LLC, appearing for the Debtors; and Notice of the within Motion having been given and parties having been given timely Notice of the Motion; and the Court having considered the submissions to it; and for Good Cause Shown;

WHEREAS, the Court having found as follows:

1. THAT the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. THAT as evidenced by the certificates of service filed with the Court, and based on the representations of counsel at the Sale Hearing: (i) proper, timely, adequate and sufficient notice of the Motion and the Sale Hearing has been provided in accordance with Section 102(1), and 363 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, 6006, 9007 and 9014; (ii) such notice was good, sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of the Motion, the Sale Hearing or the entry of this Order shall be required.

In re:  Scott Stearns and Naoko Stearns
Case No. 20-14541-MBK

ORDER AUTHORIZING SALE FREE AND CLEAR OF LIENS OF PROPERTY AT 1010 BRECKENRIDGE DRIVE, BRANCHBURG, NEW JERSEY 08876 PURSUANT TO 11 U.S.C. §363(b); AND WAIVING 14 DAY STAY OF ORDER

   3. THAT the offer to purchase the Property is the highest and best offer received for the Property. The purchase price to be paid by Purchaser is fair and constitutes reasonably equivalent value for the Property.

   4. THAT Purchaser is a purchaser in good faith, as that term is used in §363(m) of the Bankruptcy Code, with respect to the Property. The Contract for the Sale of the Property was negotiated, proposed and entered into by the parties in good faith, from arm's length bargaining positions and without collusion and, therefore, Purchaser is entitled to the protections of §363(m) of the Bankruptcy Code with respect to the Property. Neither the Debtor nor the Purchaser have engaged in any conduct that would cause or permit the Sale to be voided under Section 363(n) of the Bankruptcy Code.

   5. THAT the Debtor has articulated sound business reasons, as set forth in the Motion, for consummating the Sale of the Property, and it is a reasonable exercise of the Debtors' business judgment to consummate the Sale.

   6. THAT the Debtor may sell, transfer and assign the Property to the Purchaser, in accordance with §363(f) of the Bankruptcy Code.  As a condition to purchasing the Property,  Purchaser requires that: (a) the Property be sold free and clear of all Liens and Claims; and (b) Purchaser shall have no liability whatsoever for any obligations of or claims (including without limitation as defined in Section 101(5) of the Bankruptcy Code) against the Debtor, except as specifically provided in the Contract between the Debtor and Purchaser. Purchaser would not enter into the Contract and consummate the transaction to purchase the Property, thus adversely affecting the Debtors'

- 3 -

In re:  Scott Stearns and Naoko Stearns
Case No. 20-14541-MBK

ORDER AUTHORIZING SALE FREE AND CLEAR OF LIENS OF PROPERTY AT 1010 BRECKENRIDGE DRIVE, BRANCHBURG, NEW JERSEY 08876 PURSUANT TO 11 U.S.C. §363(b); AND WAIVING 14 DAY STAY OF ORDER

estates, if the sale to Purchaser was not free and clear of all Liens and Claims or if Purchaser was or would be liable for any obligations of or claims (including without limitation as defined in Sections 101(5) of the Bankruptcy Code) against the Debtor, except as otherwise explicitly provided in the Contract between the Debtor and Purchaser.

7. THAT the Debtors, Scott Stearns and Naoko Stearns, are the lawful owners of the Property.  Accordingly, the transfer of the Property to Purchaser is or will be a legal, valid and effective transfer of the Property, and will vest Purchaser with all right, title and interest in and to the Property, except those explicitly and expressly assumed by Purchaser in the Contract between the Debtor and Purchaser.

8. THAT all objections to the Motion and the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included in such objections, are either resolved or overruled on the merits and denied.

AND WHEREAS the following liens on the Property were found to exist:

a.  Mortgage from Naoko Stearns and Scott D. Stearns, under Revocable Trust Agreement, dated November 27, 2013 (mortgagor/borrower) to MB Financial Bank, N.A. (mortgagee/lender) dated November 17, 2014, recorded December 1, 2014, in Mortgage Book 6758, Page 742, in the Office of the County Clerk/Register of Somerset in the initial amount of $157,500.00.  Said Mortgage was assigned to PNC BANK, NATIONAL ASSOCIATION, by Assignment of Mortgage dated March 24, 2020, recorded March 26, 2020, in Book 6758, page 742.

In re:  Scott Stearns and Naoko Stearns
Case No. 20-14541-MBK

ORDER AUTHORIZING SALE FREE AND CLEAR OF LIENS OF PROPERTY AT 1010 BRECKENRIDGE DRIVE, BRANCHBURG, NEW JERSEY 08876 PURSUANT TO 11 U.S.C. §363(b); AND WAIVING 14 DAY STAY OF ORDER

IT IS ORDERED AS FOLLOWS:

9. THAT pursuant to §363(b) of the Bankruptcy Code, the Debtor is hereby authorized to sell and transfer the Property to Purchaser pursuant to and in accordance with the terms and conditions of the Contract and to take all other action as is necessary to effectuate all the terms of and to consummate the transaction, including to execute and deliver all documents, without any further corporate authorization or Court Order.

10. THAT Purchaser is hereby directed to comply with all provisions of the Contract, including the delivery of the Purchase Price to the Debtor on the Closing Date.

11. THAT the sale and transfer of the Property to Purchaser constitutes a legal, valid and effective transfer and shall vest Purchaser with all right, title and interest of the Debtor in and to the Property.

12. THAT this Order shall be binding upon, and shall inure to the benefit of the Debtor, Purchaser and their respective successors and assigns, including, without limitation, any Chapter 13 trustee hereinafter appointed for the Debtors.

13. THAT each and every federal, state, and local governmental agency, recording office or department and all other parties, persons or entities is hereby directed to accept this Order for recordation as conclusive evidence of the free and clear and unencumbered transfer of title to the Assets conveyed to Purchaser.

14. THAT the provisions of this Order authorizing the sale of the Property and Assets shall be self-executing.

15. THAT Purchaser shall be entitled to the protection of §363(m) of the

In re: Scott Stearns and Naoko Stearns
Case No. 20-14541-MBK

ORDER AUTHORIZING SALE FREE AND CLEAR OF LIENS OF PROPERTY AT 1010 BRECKENRIDGE DRIVE, BRANCHBURG, NEW JERSEY 08876 PURSUANT TO 11 U.S.C. §363(b); AND WAIVING 14 DAY STAY OF ORDER

Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal.

16.   THAT as provided by Fed. R. Bankr. P. 6004(g), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon its entry, and the sale approved by this Order may close immediately upon entry of this Order, notwithstanding any otherwise applicable waiting periods.

17.   THAT the following liens on the Property shall be paid, avoided, released, discharged, at the time of the Closing Date as follows:

a. Mortgage from Naoko Stearns and Scott D. Stearns, under Revocable Trust Agreement, dated November 27, 2013 (mortgagor/borrower) to MB Financial Bank, N.A. (mortgagee/lender) dated November 17, 2014, recorded December 1, 2014, in Mortgage Book 6758, Page 742, in the Office of the County Clerk/Register of Somerset in the initial amount of $157,500.00. Said Mortgage was assigned to PNC BANK, NATIONAL ASSOCIATION, by Assignment of Mortgage dated March 24, 2020, recorded March 26, 2020, in Book 6758, page 742. PNC Bank, N.A. filed a secured claim in the bankruptcy case indicating a total debt of $139,562.51. Debtors shall pay off this mortgage in full at the time of closing in accordance with the payoff letter issued in the normal course. Upon negotiation of the pay off amount, PNC Bank, N.A., shall be required to provide a Mortgage endorsed for cancellation and withdraw its claim.

18.   THAT to the extent that there are any other liens on the Property which are not addressed herein, funds shall be held in escrow pending further Order of this Court.

In re:  Scott Stearns and Naoko Stearns
Case No. 20-14541-MBK

ORDER AUTHORIZING SALE FREE AND CLEAR OF LIENS OF PROPERTY AT 1010 BRECKENRIDGE DRIVE, BRANCHBURG, NEW JERSEY 08876 PURSUANT TO 11 U.S.C. §363(b); AND WAIVING 14 DAY STAY OF ORDER

19. THAT the remaining net proceeds shall be distributed as follows:

a. Keller Williams Towne Square, realtor for the Debtor, the sum of $11,750.00 representing a total commission of five-percent (5%) on the adjusted sale price of $235,000.00, and subject to division with the participating broker.

b. Gillman, Bruton & Capone, LLC, counsel for Debtor in the bankruptcy case, shall provide an estimated amount of supplemental fees for which it will seek allowance by the Court at the time of closing. Said amount shall be held in the trust account of counsel for the Debtors until this Court enters an Order Allowing Fees.

c. To the Debtors, to the extent that such funds are available after the above distributions, no more than $50,300.00 representing the Debtors' exemption under 11 U.S.C. § 522(d)(1).

d. To the extent that such funds are available after the above distributions, the remaining non-exempt proceeds of the sale shall be paid to the standing Chapter 13 Trustee.

20. THAT the sale of the Debtor's property is made in accordance with 11 U.S.C. §363 and therefore there shall be no payment of the Realty Transfer Tax at the time of closing as the sale of the Debtor's Property is made "by a receiver, trustee in bankruptcy or liquidation, or assignee for the benefit of creditors" in accordance with N.J.S.A. §46:15-10(g).

In re:  Scott Stearns and Naoko Stearns
Case No. 20-14541-MBK

ORDER AUTHORIZING SALE FREE AND CLEAR OF LIENS OF PROPERTY AT 1010 BRECKENRIDGE DRIVE, BRANCHBURG, NEW JERSEY 08876 PURSUANT TO 11 U.S.C. §363(b); AND WAIVING 14 DAY STAY OF ORDER

21. THAT all parties who have liens or other interests in the Property having been served in accordance with Bankruptcy R. 6004 and 9014, the 14-day stay of this Order provided for by Bankr. Rule 6004(h) is hereby WAIVED.

22. THAT the Debtor shall provide the Standing Chapter 13 Trustee with a copy of the fully executed HUD-1 Settlement Statement or Closing Disclosure Statement within seven (7) days of the date of the closing of title.

23. THAT a true copy of this Order shall be served on all parties-in-interest by regular, first class mail within seven (7) days of the date hereof.